1  Peter W. McGaw (Bar No. 104691)
   John L. Kortum (Bar No. 148573)
2  ARCHER NORRIS
   A Professional Law Corporation
3  2033 North Main Street, Suite 800
   P.O. Box 8035
4  Walnut Creek, CA  94596
   Telephone:    (925) 930-6600
5  Facsimile:    (925) 930-6620

6  Attorneys for Plaintiff WEST COAST HOME BUILDERS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  WEST COAST HOME BUILDERS, INC.,        No. C 04-2225 SI

12                      Plaintiff,          THIRD AMENDED COMPLAINT FOR:

13       vs.                                1.  RECOVERY OF RESPONSE COSTS
                                                UNDER CERCLA § 107;
14  AVENTIS CROPSCIENCE USA INC.;           2.  CONTRIBUTION UNDER CERCLA §
    ASHLAND, INC.;                              113;
15                                          3.  INJUNCTIVE RELIEF UNDER
    BEAZER EAST, INC.; BOEING                   RCRA
16  SATELLITE SYSTEMS, INC.;                4.  DECLARATORY RELIEF UNDER
                                                FEDERAL LAW;
17  CATERPILLAR INC.; CHEMICAL &            5.  PRIVATE CONTINUING NUISANCE;
    PIGMENT CO.; COLGATE-                   6.  CONTINUING TRESPASS;
18  PALMOLIVE COMPANY; COOPER
    INDUSTRIES, INC.; CROMPTON
19  CORPORATION; CROWN BEVERAGE
    PACKAGING, INC.;
20                                                     JURY TRIAL
    THE DOW CHEMICAL COMPANY;                          DEMANDED
21
    E.I. DU PONT DE NEMOURS AND
22  COMPANY; EXXON MOBIL
    CORPORATION;
23
    FAIRCHILD SEMICONDUCTOR
24  CORPORATION;
25
    GAYLORD CONTAINER
26  CORPORATION; GBF HOLDINGS LLC;
27

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

1   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
    AND STATE LAW  - C 04-2225 SI

1   GREAT WESTERN CHEMICAL
    COMPANY;
2   HEWLETT PACKARD COMPANY;
    HEXCEL CORPORATION;
3

4    J&G DISPOSAL;

5   LOCKHEED MARTIN CORPORATION;

6   NESTLE USA, INC.;

7   OCCIDENTAL CHEMICAL
    CORPORATION; OCEAN VIEW
8   CAPITAL, INC.

9
    PACCAR INC.; HAROLD WILLIAM
10  PREWETT; MARY GRACE (PREWETT)
    BERTSCH; PRO TEC CHEMICAL CO.,
11  INC.;

12
    QUEBECOR PRINTING SAN JOSE,
13  INC.;

14  RAYCHEM CORPORATION;

15
    SHELL OIL COMPANY; SHULLER
16  INTERNATIONAL, INC.; HENRY
    SIMONSEN;
17

18  TRC COMPANIES, INC.;

19  UNION OIL COMPANY OF
    CALIFORNIA; UNION PACIFIC
20  RAILROAD COMPANY; UNITED
    STATES DEPARTMENT OF THE
21  ARMY; UNITED STATES
    DEPARTMENT OF DEFENSE,
22  DEFENSE LOGISTICS AGENCY;
    UNITED STATES DEPARTMENT OF
23  THE NAVY; USX CORPORATION;

24
    and WITCO CORPORATION,
25              Defendants.

26

27

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

2

Plaintiff WEST COAST HOME BUILDERS, INC. ("Plaintiff" or "West Coast") alleges as follows:

## NATURE OF THE ACTION

1.      West Coast owns a parcel of property (the "Property" or "Plaintiff's Property") near or adjacent to the Contra Costa Sanitary Landfill near Antioch, California (the "Landfill"). The Landfill is or was comprised of the Pittsburg Landfill and the GBF Landfill. The Landfill, or part of it, was used as a disposal area for hazardous materials during the 1960s and 1970s, and for the disposal of municipal waste, including hazardous materials, until approximately 1992. The Landfill is the source of groundwater contamination on and under the Property. This contamination prevents West Coast from developing the Property, or part of it, to the highest and best use available were it without such contamination. West Coast brings this action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. §§ 9607 and 9613, to recover response costs and contribution, and under the Resource Conservation and Recovery Act ("RCRA"), as amended, 42 U.S.C. § 6972 and related sections. West Coast also alleges state claims for nuisance, trespass, negligence and ultrahazardous activity against Defendants arising from the contamination on the Property and seeks injunctive and other relief.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction),  42 U.S.C. § 9613(b (CERCLA), and 42 U.S.C. § 6972(a) (RCRA)).

3.      Venue in the Northern District of California is based on 28 U.S.C. § 1391(b) (venue proper in district in which a substantial part of the events giving rise to the claim occurred) and 42 U.S.C. § 9613(b)(venue where release occurred).

4.      Pursuant to Local Rule 3-2(d) of the Northern District, assignment to the Court in San Francisco or Oakland is appropriate because this action arises in Contra Costa County.

1

RELATED CASES

2    5.    This action is related to Members Of The GBF/Pittsburgh Landfill(s) Respondents

3    Group, et al. v. Contra Costa Waste Service, Inc., Case No. C 96-03147 SI (filed Sept. 3, 1996),

4    which has been settled.

5    6.    This action is also related to West Coast Home Builders, Inc. v. Ashland Inc., et

6    al., Case No. C 01-4029 SI, United States District Court, Northern District of California (filed

7    Oct. 25, 2001).  Defendants herein were originally named in the C 01-4029 action, but were

8    dismissed without prejudice upon signing a tolling agreement.This action is also related to *SPPI-*

9    *Somersville, Inc., Somersville-Gentry, Inc. v. TRC Companies, Inc.; GBF Holdings LLC, et al.,*

10   Case No. C 04-2648 SI, United States District Court, Northern District of California and *SPPI-*

11   *Somersville, Inc., Somersville-Gentry, Inc. v. Chevron U.S.A., Inc.,* Case No. CV 07-5824 SI,

12·  United States District Court, Northern District of California, filed November 15, 2007.

13

PARTIES TO THE ACTION

14   7.    Plaintiff WEST COAST HOME BUILDERS, INC. is a closely held corporation

15   organized and existing under the laws of the state of California.  Its main office is located in

16   Concord, California and its principal place of business is also California.

17   8.    On information and belief, Plaintiff alleges that defendant AVENTIS

18   CROPSCIENCE USA INC., is a Delaware corporation, formerly known as RHONE-POULENC,

19   INC., a New York corporation, and is successor to Stauffer Chemical Company.

20   9.    On information and belief, Plaintiff alleges that defendant ASHLAND INC. is a

21   Kentucky corporation and was formerly known as, or is successor to, Ashland Chemical

22   Company, an Ohio corporation, Ashland Chemical, Inc., a Delaware corporation, and Ashland

23   Chemical, Inc., an Ohio corporation.

24   10.   On information and belief, Plaintiff alleges that defendant BEAZER EAST, INC.

25   is a Delaware corporation that was formerly known as Koppers Company, Inc.

26   11.   On information and belief, Plaintiff alleges that defendant BOEING SATELLITE

27   SYSTEMS, INC. is a Delaware corporation, and is the successor to Hughes Electronics

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

4    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW  - C 04-2225 SI

1   Corporation.

2       12.     On information and belief, Plaintiff alleges that defendant CATERPILLAR INC.

3   is a Delaware corporation.

4       13.     On information and belief, Plaintiff alleges that defendant CHEMICAL &

5   PIGMENT COMPANY is a California corporation.

6       14.     On information and belief, Plaintiff alleges that defendant COLGATE-

7   PALMOLIVE COMPANY is a Delaware corporation.

8       15.     On information and belief, Plaintiff alleges that defendant COOPER

9   INDUSTRIES, INC. is an Ohio corporation, and is the successor to Campbell Chain Company, a

10  Delaware corporation.

11      16.     On information and belief, Plaintiff alleges that defendant CROMPTON

12  CORPORATION is a Delaware corporation, and is the successor to U.S. Peroxygen, which was a

13  California corporation.

14      17.     On information and belief, Plaintiff alleges that defendant CROWN BEVERAGE

15  PACKAGING, INC. is a Delaware corporation, and is the successor to Continental Can

16  Company, Inc., a Delaware corporation.

17      18.     On information and belief, Plaintiff alleges that defendant THE DOW

18  CHEMICAL COMPANY is a Delaware corporation, and is the successor to Dow Chemical

19  U.S.A.

20      19.     On information and belief, Plaintiff alleges that defendant E.I. DU PONT DE

21  NEMOURS AND COMPANY is a Delaware corporation.

22      20.     On information and belief, Plaintiff alleges that defendant EXXON MOBIL

23  CORPORATION is a New Jersey corporation, and is the successor to Humble Oil & Refining

24  Company, which was a Delaware corporation.

25      21.     On information and belief, Plaintiff alleges that defendant FAIRCHILD

26  SEMICONDUCTOR CORPORATION is a Delaware corporation and that FAIRCHILD

27  SEMICONDUCTOR CORPORATION OF CALIFORNIA is a Delaware corporation.

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

5       THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
        AND STATE LAW - C 04-2225 SI

1    22.    On information and belief, Plaintiff alleges that defendant GAYLORD

2   CONTAINER CORPORATION is a Delaware corporation, and is a successor to Crown

3   Zellerbach.

4    23.    On information and belief, Plaintiff alleges that defendant GBF HOLDINGS LLC

5   is a California limited liability company.  GBF HOLDINGS LLC was formed on or about

6   January 24, 2001.

7    24.    On information and belief, Plaintiff alleges that defendant GREAT WESTERN

8   CHEMICAL COMPANY is a Washington corporation.

9    25.    On information and belief, Plaintiff alleges that defendant HEWLETT PACKARD

10   COMPANY is a Delaware corporation.

11    26.    On information and belief, Plaintiff alleges that defendant HEXCEL

12   CORPORATION is a Delaware corporation.

13    27.    On information and belief, Plaintiff alleges that defendant J & G DISPOSAL, INC.

14   was a California corporation.

15    28.    On information and belief, Plaintiff alleges that defendant LOCKHEED MARTIN

16   CORPORATION is a Maryland corporation.

17    29.    On information and belief, Plaintiff alleges that defendant NESTLE USA, INC. is

18   a Delaware corporation, and is the successor to Nestle Food Company and Libby, McNeill &

19   Libby.

20    30.    On information and belief, Plaintiff alleges that defendant OCCIDENTAL

21   CHEMICAL CORPORATION is a New York corporation, and is the successor to Diamond

22   Shamrock Chemicals Corporation.

23    31.    On information and belief, Plaintiff alleges that defendant OCEAN VIEW

24   CAPITAL, INC. is a Delaware corporation, and is a successor to Triangle Wire & Cable, Inc.

25   which was a Delaware corporation.

26    32.    On information and belief, Plaintiff alleges that defendant PACCAR INC. is a

27   Delaware corporation, and is successor for Peterbilt Motors Company.

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

6    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1          33.    On information and belief, Plaintiff alleges that defendant HAROLD WILLIAM

2    PREWETT, an individual, is a resident of California.

3          34.    On information and belief, Plaintiff alleges that defendant MARY GRACE

4    (PREWETT) BERTSCH, an individual, is a resident of California.

5          35.    On information and belief, Plaintiff alleges that defendant PRO TEC CHEMICAL

6    COMPANY, INC. is a California corporation.

7          36.    On information and belief, Plaintiff alleges that defendant QUEBECOR

8    PRINTING SAN JOSE, INC. is a Delaware corporation, and is the successor to Arcata Graphics

9    Company.

10          37.    On information and belief, Plaintiff alleges that defendant RAYCHEM

11    INTERNATIONAL CORPORATION is a California corporation, and is the successor to

12    Raychem Corporation, a California corporation, and Raychem Corporation, a Delaware

13    corporation.

14          38.    On information and belief, Plaintiff alleges that defendant SHELL OIL

15    COMPANY is Delaware corporation.

16          39.    On information and belief, Plaintiff alleges that defendant SHULLER

17    INTERNATIONAL, INC. is a Delaware corporation, and is successor to Manville Sales

18    Corporation.

19          40.    On information and belief, Plaintiff alleges that defendant HENRY SIMONSEN is

20    an individual and a citizen of the State of California.

21          41.    On information and belief, Plaintiff alleges that defendant TRC COMPANIES,

22    INC. is a Delaware corporation.

23          42.    On information and belief, Plaintiff alleges that defendant UNION OIL

24    COMPANY OF CALIFORNIA is a California corporation, and is doing business as UNOCAL,

25    and is the successor to Collier Carbon & Chemical.

26          43.    On information and belief, Plaintiff alleges that defendant UNION PACIFIC

27    RAILROAD COMPANY is a Delaware corporation, and is successor to Southern Pacific

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

7 .  THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW  - C 04-2225 SI

1    Transportation Company, which was a Delaware corporation.

2          44.    Defendant UNITED STATES DEPARTMENT OF THE ARMY is an agency of

3    the United States of America, and includes such subdivisions as the Sharpe Army Depot.

4          45.    Defendant UNITED STATES DEPARTMENT OF DEFENSE, DEFENSE

5    LOGISTICS AGENCY is an agency of the United States, and manages the Sharpe Army Depot

6    and Tracy Defense Depot.

7          46.    Defendant UNITED STATES DEPARTMENT OF THE NAVY is an agency of

8    the United States of America, and includes such subdivisions as the Alameda Naval Air Station,

9    the Hunters Point Naval Shipyard, and the United States Marine Corps.

10          47.    On information and belief, Plaintiff alleges that defendant USX CORPORATION

11    is a Delaware corporation, and is the successor to U.S. Steel Corporation and Columbia Steel

12    Corporation.

13          48.    On information and belief, Plaintiff alleges that WITCO CORPORATION is a

14    Delaware corporation and is the successor to U.S. Peroxide.

15    SUMMARY OF THE ACTION

16    The Property

17          49.    West Coast is a developer and builder of homes in Contra Costa County, which is

18    currently experiencing a boom in the housing market driven by the desire of the growing

19    population to own single family and other fine homes.  West Coast's predecessor in interest,

20    Northstate Development Company, purchased the Property in 1987 for a prospective residential

21    development.  The Property was subsequently transferred to Plaintiff to be used for the same

22    general purpose.  The Property is part of a tract of land in an unincorporated part of Contra Costa

23    County, California, near the cities of Antioch and Pittsburg.

24          50.    Prior to West Coast's purchase of the Property, it had been used as a storage

25    facility for heavy crude oil by Chevron.  That usage resulted in some hydrocarbon contamination

26    of the surface soils of the Property which is being contained and which has not affected the

27    groundwater and which will not affect the future use of the Property.

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

8    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW  - C 04-2225 SI

51.     The eastern portion of the Property is adjacent to and north of the Landfill.  In this area, groundwater generally flows from the south to the north, and therefore transports contaminants emanating from the Landfill into the groundwater on and under the Property.

The Landfill

52.     The Landfill is an approximately 88-acre area located in an unincorporated area of Contra Costa County near the cities of Antioch and Pittsburg.  The Landfill is comprised of (a) the former GBF Landfill (the eastern 63-acre parcel), and (b) the former Pittsburg Landfill (the western 25-acre parcel), both of which were consolidated into (c) an 88-acre overlying solid waste landfill that was operated as the Contra Costa Sanitary Landfill.  The Contra Costa Sanitary Landfill ceased accepting wastes in 1992.

53.     On information and belief, Plaintiff alleges that from approximately 1947 to 1963, E.A.H. Prewett, as Trustee, held the fee interest in the property that became the Landfill property.  A 1/6 interest was held in trust for Mary Grace (Prewett) Bertsch and a 1/6 interest was held in trust for Harold William Prewett, until 1960, when each assumed a ¼ interest in trust.  From 1963 to 1973, Harold William Prewett and Mary Grace (Prewett) Bertsch each owned a ¼ fee ownership interest in the Landfill property.

54.     On information and belief, Plaintiff alleges that Harold William Prewett and Mary Grace (Prewett) Bertsch (along with E.A.H. Prewett) leased some or all of a portion of the Landfill property to Contra Costa Waste Service, Inc. and the City of Pittsburg "for use as a waste disposal site."  Contra Costa Waste Service, Inc. leased the GBF Landfill property from the Prewett family in or about 1960 for the purpose of conducting a refuse disposal business.

55.     On information and belief, Plaintiff alleges that in 1963, CCWS, Inc. ("CCWS") leased from the Prewetts, pursuant to a written lease, a portion of the Landfill property for a "business of disposing of garbage, rubbish, industrial refuse and waste, including industrial liquid waste, and other such non-putrescible materials," among other things.  The term of the November 1, 1963 lease was from November 1, 1963 to April 30, 1970.

56.     On information and belief, Plaintiff alleges that on November 1, 1967, CCWS

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

9

THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1  entered into another lease with the Prewetts for a portion of the Landfill property, again "for the

2  purpose of conducting a refuse disposal business and business of disposing of garbage, rubbish,

3  industrial refuse and waste, including industrial liquid waste, and other such non-putrescible

4  materials." In signing the November 1, 1967 lease, Mr. Garaventa, on behalf of CCWS,

5  warranted that the "Lessee [CCWS] presently possesses a permit to use the said described

6  property for the purposes as herein provided from the County of Contra Costa and other

7  appropriate governmental and regulatory authorities." The term of the November 1, 1967 lease

8  was from November 1, 1967 to June 30, 1977.

9       57.     On information and belief, Plaintiff alleges that from July 1, 1957 to December 28,

10  1973, the City of Pittsburg leased the Pittsburg Landfill from the Prewetts "for the purpose of

11  dumping, processing, salvaging and/or burying municipal refuse and garbage."

12       58.     On information and belief, Plaintiff alleges that on December 28, 1973, the

13  Pittsburg Landfill was sold by the Prewetts to Silvio Garaventa, Sr. and Italo Ferrando dba G.B.F.

14  Company who assumed the existing July 1, 1973 lease between the Prewetts and the City of

15  Pittsburg.

16       59.     On information and belief, Plaintiff alleges that from July 1, 1973 to June 30,

17  1981, the City of Pittsburg leased the Pittsburg Landfill from Silvio Garaventa, Sr. and Italo

18  Ferrando dba G.B.F. Co. "for purposes of dumping, processing, salvaging and/or burying refuse,

19  garbage and solid waste."

20       60.     On information and belief, Plaintiff alleges that in December of 1973, "GBF

21  Company" bought the Landfill property. The "GBF Company" was a general partnership. The

22  initials "GBF" stood for the three general partners: Silvio Garaventa, Sr., Dan Borges, Sr. and

23  Italo ("Babe") Ferrando. In December 1973, Mr. Garaventa was a general partner in the GBF

24  Company general partnership.

25       61.     On information and belief, Plaintiff alleges that on December 20, 1977, GBF

26  Company sold the Landfill property to Mr. Garaventa, his wife Mary C. Garaventa, Italo

27  Ferrando, and his wife Olga Ferrando. Ten days later, on December 30, 1977, Italo Ferrando, and

ARCHER  28
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

10  THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1   his wife Olga Ferrando sold their interest in the Landfill property to Mr. Garaventa and his wife

2   Mary C. Garaventa.

3        62.    On information and belief, Plaintiff alleges that Silvio Garaventa, Sr. and Mary C.

4   Garaventa owned the Landfill Property until Mr. Garaventa's death, at which point Mr.

5   Garaventa's interest was administered as the Estate of Silvio Garaventa, Sr. (Mary C. Garaventa,

6   Administratrix).

7        63.    On information and belief, Plaintiff alleges that in approximately 2001, the Estate

8   of Silvio Garaventa, Sr. and Mary C. Garaventa transferred their interest in the Landfill Property

9   to GBF Holdings, LLC, a subsidiary of TRC Companies, Inc., which is the present owner of the

10   Landfill Property.

11        64.    Plaintiff West Coast submitted a Creditor's Claim to the Estate of Silvio

12   Garaventa, Sr. on or about December 7, 1998. The Estate of Silvio Garaventa, Sr. rejected West

13   Coast's Creditor's Claim on or about July 27, 2001.

14   The GBF Landfill

15        65.    On information and belief, Plaintiff alleges that the Prewett family leased what

16   later became known as the GBF Landfill to IT in the 1950s (or earlier) for the purpose of

17   conducting an industrial waste disposal operation.

18        66.    On information and belief, Plaintiff alleges that in 1960 the Prewett family leased

19   what later became known as the GBF Landfill to CCWS and that CCWS, in turn, subleased what

20   later became known as the GBF Landfill to Industrial Tank (a predecessor to IT Corporation) in

21   1960.

22        67.    On information and belief, Plaintiff alleges that beginning in approximately 1960,

23   IT constructed unlined disposal "ponds" for liquid wastes which eventually covered the majority

24   of the landfill's 63-acre site. Between 1960 and approximately 1973, IT disposed of

25   approximately 80 million gallons of liquid toxic waste into these ponds. The disposed liquids

26   included chlorinated solvents, waste acids, beryllium metal, PCBs, oils, benzene, lead, mercury,

27   and vinyl chloride. Approximately 50% of these liquids has now infiltrated into the vadose zone.

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

28

A0157004/715512-1

11   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1      68.    On information and belief, Plaintiff alleges that in order to abate an air pollution

2  problem, IT advocated before the Bay Area Air Pollution Control District ("Air District") that

3  industrial and municipal solid waste be dumped in the ponds to soak up the liquid toxic waste.

4  This remedy was approved and CCWS began to dump municipal waste at the GBF Landfill as

5  well as construction debris, wood, and cardboard.

6                                   The Pittsburg Landfill

7      69.    On information and belief, Plaintiff alleges that the Prewett family leased what

8  became known as the Pittsburg Landfill to the City of Pittsburg from 1952 (or earlier) to 1973 for

9  use as a disposal site for municipal household waste.

10     70.    On information and belief, Plaintiff alleges that after acquisition of the Landfill by

11  the GBF Company in 1973, the Pittsburg Landfill continued to accept municipal waste until at

12  least 1978.

13     71.    On information and belief, Plaintiff alleges that the Pittsburg Landfill continued to

14  operate as a solid waste facility after 1978 to 1987, when it was consolidated with the GBF

15  Landfill to form the Contra Costa Sanitary Landfill, which was owned and operated by CCWS.

16     72.    On information and belief, Plaintiff alleges that the Pittsburg Landfill received

17  municipal wastes, including some hazardous chemicals and industrial liquid wastes, until 1978.

18          Groundwater Monitoring and DTSC Order

19     73.    On information and belief, Plaintiff alleges that contaminants have migrated

20  through the groundwater from the GBF Landfill.  Accordingly, the Department of Toxic

21  Substances Control ("DTSC") ordered IT, CCWS and numerous other entities to investigate and

22  remediate the groundwater-borne contamination at the GBF Landfill by an order dated September

23  25, 1987, and amended June 6, 1988 and July 28, 1993.

24     74.    As reported in the July 28, 1993 remedial action order, six groundwater

25  monitoring wells were installed on the Landfill in or about May 1986.  All six sample wells tested

26  had levels of hazardous substances exceeding the Maximum Contaminant Levels ("MCLs"),

27  which generally reflect applicable drinking water standards.  In or about April and May 1990, ten

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

12    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW  - C 04-2225 SI

1  groundwater monitoring wells were installed in the uppermost water-bearing zone, and six

2  monitoring wells and one piezometer were installed in the water-bearing zone underlying the

3  uppermost water-bearing zone. Those wells also revealed that the groundwater contains levels of

4  hazardous substances in excess of the MCLs. Hazardous substances detected in excess of the

5  MCLs included the following: Arsenic, Benzene, Cadmium, Carbon Tetrachloride, Chloroform,

6  Chromium (total), 1,1-Dichloroethane, 1,1-Dichloroethylene, 1,2-Dichcloroethylene, 1,2-

7  Dichloropropane, Lead, Mercury, Perchloroethylene, Selenium, Silver, Trichloroethylene, and

8  Vinyl Chloride.

9       75.    As reported in the July 28, 1993 Remedial Action Order, the DTSC determined

10  that as a result of the water-borne contaminants, "removal and remedial action is necessary at the

11  Site [Landfill] because there may be an imminent and/or substantial endangerment to the public

12  health or welfare or to the environment." The order also determined that the "actual and/or

13  threatened release of hazardous substances at the [Landfill] also constitutes a public nuisance as

14  defined in California Civil Code Sections 3479 and 3480." DTSC also noted in the 1993 order

15  that three residential developments were proposed for construction in the vicinity of the Landfill

16  and that the "population at risk due to contaminated groundwater includes potential near-site

17  downgradient residents who may utilize shallow groundwater and potential off-site downgradient

18  users of water-supply wells."

19       76.    The July 28, 1993 Remedial Action Order also required the owners, operators,

20  generators and other potentially responsible parties named as respondents in the order to prepare a

21  remedial investigation/feasibility study, a remedial action plan, and a remedial design plan, as

22  well as other documents. The order clearly indicated that alternatives for treatment of the

23  contaminated groundwater be considered and, if feasible, implemented.

24       77.    Pursuant to the 1993 Remedial Action Order and amendments thereto,

25  investigation of the condition of the soil and groundwater on and under the Landfill and

26  surrounding properties was commenced. This investigation disclosed that contamination had

27  leached from the Landfill and had left the boundary of the Landfill property and, without

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

13   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
    AND STATE LAW - C 04-2225 SI

1   Plaintiff's knowledge or permission, had traveled onto and under Plaintiff's property.

2        78.    In June 1997, the DTSC issued a Remedial Action Plan ordering the owners,

3   operators, generators and other potentially responsible parties to undertake certain remedial

4   actions in connection with the Landfill.  These remedial actions include actions that, if

5   implemented, are designed to, and will, abate any condition of pollution, nuisance and trespass

6   created by the Landfill on and under Plaintiff's Property.

7        79.    The remedial actions required by the 1997 Remedial Action Plan are reasonable

8   and feasible; however, as of the filing of this action, Defendants have failed to implement the

9   requirements of the 1997 Remedial Action Plan and have failed to take adequate or appropriate

10  steps to remediate and abate the condition of pollution, nuisance and trespass created on and

11  under Plaintiff's Property.

12       80.    Plaintiff has no plain, adequate or speedy remedy at law and therefore desires this

13  court to enter such orders as are necessary and appropriate to protect Plaintiff's interests.

**FIRST CAUSE OF ACTION**

**(Recovery of Response Costs Pursuant to CERCLA)**

**(Against All Defendants)**

17       81.    Plaintiff refers to and realleges paragraphs 1 through 80 of this Complaint and

18  incorporates them herein by this reference.

19       82.    Plaintiffs and Defendants are "persons" as defined by CERCLA § 101(21), 42

20  U.S.C. § 9601(21).

21       83.    At relevant times identified herein, Defendants, or some of them, were the owners

22  and/or operators of the Landfill within the meaning of CERCLA § 107(a)(1) and (2).  The

23  Landfill was a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9), at the time

24  hazardous materials were disposed of at the Landfill and at the Property.

25       84.    Defendants, or some of them, are persons who arranged for the treatment or

26  disposal of hazardous substances at the Landfill within the meaning of § 107(a)(3) of CERCLA,

27  42 U.S.C. § 9607(a)(3).

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

28

A0157004/715512-1

14   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1   85. Defendants, or some of them, are persons who transported hazardous substances to

2 the Landfill within the meaning of § 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4).

3   86. The Landfill and the Property are, and at all times relevant hereto were, a "facility"

4 as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

5   87. The elements, compounds, mixtures, solutions and substances discovered on the

6 Landfill and at the Property and identified herein are "hazardous substances" within the meaning

7 of CERCLA § 101(14), 42 U.S.C. § 9601(14).

8   88. The actions by Defendants with regard to these hazardous substances constituted a

9 "release" at the facility within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

10   89. Each Defendant did, over extended periods of time, own, possess, generate,

11 handle, transport and/or dispose of, and/or arrange for disposal of those hazardous substances in

12 such a manner at the Landfill and at the Property so as to cause hazardous substances to be

13 released or threaten to release into the environment.

14   90. The release and/or threatened release of hazardous substances by the Defendants

15 have caused and continue to cause Plaintiff to incur response costs. As used in this Complaint,

16 the term "response costs" means the costs of "removal" and "remedial actions" of hazardous

17 substances, as those terms are defined in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and

18 (24), and all other costs to respond to releases of hazardous substances, as defined under

19 CERCLA § 101(25), 42 U.S.C. § 9601(25). Such costs include, but are not limited to, costs

20 incurred to monitor, assess and evaluate the release and/or threatened release of hazardous

21 substances.

22   91. Plaintiff will incur substantial response costs in developing and implementing the

23 appropriate response actions.

24   92. All such response costs incurred and that will be incurred have been and will

25 continue to be necessary and consistent with the National Contingency Plan ("NCP") as set forth

26 in 40 C.F.R. Part 300.

27   93. Pursuant to 42 U.S.C. § 9607(a), the Defendants, and each of them, are jointly and

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

15 THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1   severally liable to Plaintiff for all necessary response costs incurred by Plaintiff in responding to

2   the release or threatened release of hazardous substances.  Plaintiff is in no way responsible or

3   liable for the release or threatened release of hazardous substances on or at the Landfill or at the

4   Property and, as compared to the Defendants who actively and intentionally disposed of

5   hazardous substances at the Landfill and at the Property, is blameless.

6   **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

7   <u>**SECOND CAUSE OF ACTION**</u>

8   **(Contribution Pursuant to CERCLA)**

9   **(Against All Defendants)**

10   94.   Plaintiff refers to and realleges paragraphs 1 through 93 of this Complaint and

11   incorporates them herein by reference.

12   95.   As compared to the Defendants, who actively and intentionally disposed of

13   hazardous substances at the Landfill and at the Property, Plaintiff is blameless.  Plaintiff's

14   liability, if any, stems from the fact that it is the owner of the Property that Defendants' waste

15   disposal activities have contaminated.

16   96.   Defendants are liable or potentially liable parties under Section 107(a) of

17   CERCLA, 42 U.S.C. § 9607(a).

18   97.   Pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), Plaintiff is entitled to

19   seek contribution from each Defendant for the costs that it has incurred and will incur in

20   connection with the response actions at the Property.

21   98.   Defendants, and each of them, are liable to Plaintiff for contribution pursuant to

22   Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for some or all amounts expended by Plaintiff

23   as response costs and amounts that Plaintiff will expend as response costs in the future.

24   **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

25

26

27

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

16   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW  - C 04-2225 SI

## THIRD CAUSE OF ACTION

### (Resource Conservation And Recovery Act)

### (Against All Defendants Identified On Exhibit A Of This Complaint)

99. Plaintiff refers to and realleges paragraphs 1 through 98 of this Complaint and incorporate them herein by reference.

100.    Section 7002(a) of the Resource Conservation and Recovery Act ("RCRA"), codified at 42 U.S.C. § 6972(a), provides, in relevant part, that any person may bring an action

> (B) against any person, including the United States . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment . . . .

> . . . . The district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, . . . to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B), to order such person to take such action as may be necessary, or both, . . . and to apply any appropriate civil penalties under section 6928(a) and (g) of this title.

101.    Each of the defendants named in this cause of action is a "person" as that term is defined in RCRA Section 1004(15), codified at 42 U.S.C. § 6903(15).

102.    RCRA Section 1004(3), codified at 42 U.S.C. § 6903(3), defines "disposal" as follows:

> the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereon may enter the environment or be emitted into the air or discharged into any waters, including ground waters.

103.    RCRA Section 1004(27), codified at 42 U.S.C. § 6903(27), defines "solid waste" as follows:

> any garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and from community activities, but does not include solid or dissolved material in domestic sewage, or solid or

1    dissolved materials in irrigation return flows or industrial
     discharges which are point sources subject to permits under section
2    1342 of Title 33, or source, special nuclear, or byproduct material
     as defined by the Atomic Energy Act of 1954, as amended (68 Stat.
3    923) [42 U.S.C. § 2011 et seq.].

4        104.    The contaminants identified at the Property, including without limitation, the

5    surface waste containing metals (e.g., lead) and the subsurface groundwater containing hazardous

6    chemicals are "solid wastes" within the meaning of 42 U.S.C. § 6903(27) that have been disposed

7    of within the meaning of 42 U.S.C. § 6903.

8        105.    The California Environmental Protection Agency, Department of Toxic

9    Substances Control, one of the agencies charged by statute with making such determinations in

10   California, has determined that the contaminants identified at the Property may present an

11   imminent and substantial endangerment to health or the environment.

12       106.    Each of the defendants named in this cause of action has contributed to the past

13   disposal of the solid wastes which may present an imminent or substantial endangerment to health

14   or the environment and accordingly should be ordered to take appropriate actions to abate the

15   endangerment to health and the environment.

16       107.    On November 2, 2007, Plaintiff sent by registered mail, return receipt requested,

17   the notice required by RCRA Section 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A), to the

18   Defendants listed in Exhibit A to this Complaint, with copies to the Administrator of the United

19   States Environmental Protection Agency and to the State of California (through the Director of

20   the Department of Toxic Substances Control).  This Third Amended Complaint is filed more than

21   90 days after the mailing and receipt of Plaintiffs' notice letter.

22       108.    Plaintiff will promptly serve a file-endorsed copy of this Third Amended

23   Complaint on the Attorney General of the United States and on the Administrator of the United

24   States Protection Agency once it has been filed with the Court.

25       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

26

27

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

18    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1

## FOURTH CAUSE OF ACTION

2

### (Declaratory Relief Under Federal Law)

3

### (Against All Defendants)

4     109.    Plaintiff refers to and realleges paragraphs 1 through 108 of this Complaint and

5 incorporates them herein by reference.

6     110.    A dispute has arisen and an actual controversy exists between Plaintiff and

7 Defendants in that Plaintiff claims that Defendants, and each of them, jointly and severally, are

8 obligated to indemnify Plaintiff against, and reimburse Plaintiff for, all necessary response costs

9 and any other costs and attorneys fees heretofore or hereafter incurred by Plaintiff in responding

10 to the release or threatened release of hazardous waste, solid waste and/or hazardous substances

11 or taking any other removal or remedial action as a result of Defendants' acts and conduct

12 complained of herein. Defendants deny such obligation.

13     111.    Substantial costs will be incurred by Plaintiff over time and after conclusion of this

14 action. Unless declaratory relief is granted, it will be necessary for Plaintiff to commence many

15 successive actions against Defendants, and each of them, to secure compensation for the costs

16 incurred and damages sustained, and damages that will be sustained, thus requiring a multiplicity

17 of suits.

18     112.    Plaintiff is entitled to, and hereby seeks, a judicial determination pursuant to the

19 Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Plaintiff's right to contribution and

20 reimbursement from and indemnification by Defendants, and each of them, for all costs, jointly

21 and severally, which Plaintiff has and will incur resulting from Defendants' release of wastes into

22 the environment.

23     **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

24

## FIFTH CAUSE OF ACTION

25

### (Private Continuing Nuisance – Against All Defendants, Except Federal Defendants)

26     113.    Plaintiff refers to and realleges paragraphs 1 through 112 of this Complaint and

27 incorporates them herein by reference.

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

19   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1    114.   At all times herein mentioned, the Defendants used and/or maintained said

2    premises or conducted their business and operations in an unnecessary, unreasonable, and

3    njurious manner that allowed wastes to be accumulated at the Landfill and into the surface and

4    sub-surface soils and groundwaters, including into the soils and groundwaters of the Property.

5    115.   The aforementioned disposal by Defendants constitutes a nuisance within the

6    meaning of California Civil Code § 3479 in that the wastes disposed of at the Landfill created and

7    creates a condition which is injurious to health, or is indecent or offensive to the senses, or an

8    obstruction to the free use of Property and interferes with Plaintiff's comfortable enjoyment of the

9    Property.

10   116.   The wastes, in the surface and sub-surface soils at, and groundwater beneath, the

11   Property have commingled to create a single, indivisible harm to and potential endangerment of

12   public health, welfare and the environment.  The wastes have continuously migrated and spread

13   in the soils and waters at the Property since their initial release and their impact has varied over

14   time.

15   117.   The Plaintiff, as the record title owner of the Property, has been injured as a result

16   of Defendants' release, discharge and/or disposal of wastes into the Property.

17   118.   Defendants are strictly and jointly and severally liable for abatement of the single

18   indivisible endangerment to the environment and resulting interference with the Plaintiff's free

19   use and enjoyment of the Property, constituting a private nuisance in that the Plaintiff has been

20   denied, and will continue to be denied, free use of the Property.  Despite the remediation activities

21   described herein, said wastes threaten to release further into the environment and thus continue to

22   cause losses and damage to Plaintiff.

23   119.   Defendants are on notice of the damage caused by the nuisance but Defendants

24   have failed and refused, and continue to fail and refuse, to timely and properly abate the nuisance

25   or to compensate the Plaintiff for damages suffered.

26   120.   As a further proximate result of the nuisance, the Plaintiff has been deprived of the

27   full use and enjoyment of the Property and has suffered and will continue to suffer damages by

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

28

A0157004/715512-1

20   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1  reason of loss of use of the Property caused by its contaminated condition. In addition, the

2  Plaintiff has incurred, and will continue to incur, substantial amounts in administrative, legal and

3  technical fees to assess responsibility for and respond to the contamination at the Property. The

4  amount of said damages shall be in accordance with proof at trial.

5  **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

6  ## SIXTH CAUSE OF ACTION

7  **(Continuing Trespass - Against All Defendants, Except Federal Defendants)**

8  121. Plaintiff refers to and realleges paragraphs 1 through 120 of this Complaint and

9  incorporates them herein by reference.

10  122. At all times herein mentioned, the Defendants used and/or maintained the Landfill

11  or conducted their business operations in such an unnecessary, unreasonable and injurious manner

12  that allowed wastes to be accumulated at the Landfill and leach into the surface and sub-surface

13  soils and groundwaters and onto and under the Property.

14  123. The aforementioned disposal by Defendants caused and constituted and continues

15  to cause and constitute a physical invasion of Plaintiff's Property and interference with Plaintiff's

16  possession of said property thereby constituting a continuing trespass despite the remediation

17  activities described herein.

18  124. The wastes in the groundwater beneath the Property have commingled to create a

19  single, indivisible harm to and potential endangerment of public health, welfare and the

20  environment. The wastes have continuously migrated and spread in the soils and waters at the

21  Landfill and at the Property since their initial release and their impact has varied over time.

22  125. The Plaintiff, as the record title owner of the Property, has been injured as a result

23  of Defendants' release, discharge and/or disposal of wastes into the Landfill and onto and under

24  the Property.

25  126. Defendants are strictly and jointly and severally liable for abatement of the single

26  indivisible endangerment to the environment and resulting trespass to, on, and under Plaintiff's

27  Property.

1    127.    As a proximate result of the trespass by the Defendants, the Plaintiff has been

2    deprived of the full use and enjoyment of the Property and has suffered and will continue to suffer

3    loss of use of the Property caused by its contaminated condition. In addition, the Plaintiff has

4    incurred, and will continue to incur, substantial amounts in administrative, legal and technical

5    fees to assess responsibility for and respond to the contamination at and emanating from the

6    Landfill. The amount of said damages shall be in accordance with proof at trial.

7              **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

8                             <u>**PRAYER FOR RELIEF**</u>

9         Plaintiff prays for judgment as follows:

10                           <u>**First Cause of Action**</u>

11    1.    For recovery from Defendants, jointly and severally, of all response costs that have

12    been incurred by Plaintiffs in response to the release and threatened release of hazardous

13    substances at the Property and in the enforcement of CERCLA's statutory liability scheme,

14    according to proof at trial;

15    2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

16    3.    For all costs of suit incurred herein.

17                          <u>**Second Cause of Action**</u>

18    1.    For total contribution from all Defendants for all response costs that have been

19    incurred by Plaintiff in response to the release and threatened release of hazardous substances at

20    the Property and in enforcement of CERCLA's statutory liability scheme, or in an amount this

21    Court deems appropriate;

22    2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); and

23    3.    For all costs of suit incurred herein.

24                           <u>**Third Cause of Action**</u>

25    1.    For an entry of an order directing all Defendants listed on Exhibit A to this

26    Complaint to implement the measures necessary to abate the endangerment to health and the

27    environment to the satisfaction of DTSC, the Regional Water Quality Control Board, and any

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

22    THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1   other regulatory agencies that may assert jurisdiction over the abatement of hazardous conditions

2   at the Property;

3       2.    For an award of litigation costs including attorneys' and expert witness' fees

4   pursuant to 42 U.S.C. § 6972(e).

5   **Fourth Cause of Action**

6       1.    For a declaration that Defendants, jointly and severally, are obligated to pay to

7   Plaintiffs all future response costs and any other costs incurred by Plaintiff hereafter in response,

8   removal or remediation efforts incurred pursuant to a DTSC-issued and/or court-approved

9   remedial action plan that is required by the NCP in order to properly respond to the disposal of

10  wastes and pollutants by Defendants.

11      2.    For attorneys' fees; and

12      3.    For all costs of suit incurred herein.

13  **Fifth, Cause of Action**

14      1.    For a mandatory, preliminary and permanent injunction ordering the Defendants to

15  undertake, at their expense, all of the environmental engineering, investigation, studies,

16  maintenance, monitoring and response actions necessary to respond to, abate, remediate, maintain

17  and monitor fully and promptly the condition resulting from solid waste and hazardous waste

18  contamination at the Property and emanating from the Landfill;

19      2.    For abatement, cleanup, maintenance and monitoring costs from Defendants,

20  jointly and severally, in an amount equal to all response costs and all other costs incurred in

21  response to the condition resulting from the discharge of contaminants by Defendants, according

22  to proof at trial;

23      3.    For an order directing Defendants, and each of them, to pay for restitution to

24  Plaintiff in an amount according to proof;

25      4.    For compensatory damages according to proof, including, but not limited to,

26  compensation for loss of use of the Property;

27      5.    For incidental and consequential damages according to proof;

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

23   THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI

1      6.      For pre-judgment interest at the legal rate;

2      7.      For attorneys' fees as may be allowed by statute or otherwise; and

3      8.      For all costs of suit incurred herein.

4      **All Causes of Action**

5      For such other and further relief as this Court deems just and proper.

6

7 Dated: January 16, 2009             Respectfully submitted,

8                                  ARCHER NORRIS

9

10

11                                  John L. Kortum
                                 Attorneys for Plaintiff

12                                  WEST COAST HOME BUILDERS, INC.

13

14

15                            **Demand for Jury Trial**

16      Plaintiff West Coast Homebuilders, Inc. hereby demands a jury trial on all causes and

17 claims susceptible to trial by jury.

18 Dated: January 16, 2009             Respectfully submitted,

19

20                                  ARCHER NORRIS

21

22

23                                  John L. Kortum
                                 Attorneys for Plaintiff
                                 WEST COAST HOME BUILDERS, INC.

24

25

26

27

28

ARCHER
NORRIS
ATTORNEYS AT LAW
WALNUT CREEK

A0157004/715512-1

24     THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
            AND STATE LAW - C 04-2225 SI

1

**EXHIBIT A**

Ashland Inc.

2   Agent For Service Of Process
Corporation Service Company Which Will Do Business In California As CSC - Lawyers

3   Incorporating Service
PO Box 526036

4   Sacramento, CA  95852

5   Beazer East, Inc.
Agent For Service Of Process

6   C T Corporation System
818 West Seventh St

7   Los Angeles, CA  90017

8   Boeing Satellite Systems, Inc.
Agent For Service Of Process

9   Corporation Service Company Which Will Do Business In California As CSC - Lawyers
Incorporating Service

10   PO Box 526036
Sacramento, CA  95852

11

Caterpillar Inc.

12   Agent For Service Of Process
C T Corporation System

13   818 West Seventh St
Los Angeles, CA  90017

14

The City Clerk of the City of Antioch

15   PO Box 5007
Antioch, CA  94531-5007

16

The City Clerk of the City of Pittsburg

17   City of Pittsburg Civic Center
65 Civic Avenue

18   Pittsburg, CA  94565

19   Colgate-Palmolive Company
Agent For Service Of Process

20   C T Corporation System
818 West Seventh St

21   Los Angeles, CA  90017

22   Contra Costa Waste Service, Inc.
Agent For Service Of Process

23   Craig F Anderson
1320 Willow Pass Rd Ste 500

24   Concord, CA  94520

25   Crown Beverage Packaging, Inc.
Agent For Service Of Process

26   C T Corporation System
818 West Seventh St

27   Los Angeles, CA  90017

28

ARCHER NORRIS
A PROFESSIONAL LAW
CORPORATION
WALNUT CREEK

A0157004/715512-1

1

THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI)

The Dow Chemical Company
Agent For Service Of Process
C T Corporation System
818 West Seventh St
Los Angeles, CA  90017

E. I. Du Pont De Nemours And Company
Agent For Service Of Process
C T Corporation System
818 West Seventh St
Los Angeles, CA  90017

Exxon Mobil Corporation
Agent For Service Of Process
Corporation Service Company Which Will Do Business In California As CSC - Lawyers
Incorporating Service
PO Box 526036
Sacramento, CA  95852

Fairchild Semiconductor Corporation
Agent For Service Of Process
Corporation Service Company Which Will Do Business In California As CSC - Lawyers
Incorporating Service
PO Box 526036
Sacramento, CA  95852

GBF Holdings LLC
Agent For Service Of Process
Deems Padgett
1590 SolanoWay Ste A
Concord, CA  94520

Hewlett-Packard Company
C T Corporation System
818 West Seventh St
Los Angeles, CA  90017

Lockheed Martin Corporation
Agent For Service Of Process
Corporation Service Company Which Will Do Business In California As CSC - Lawyers
Incorporating Service
PO Box 526036
Sacramento, CA  95852

Nestle USA, Inc.
Agent For Service Of Process
C T Corporation System
818 West Seventh St
Los Angeles, CA  90017

Occidental Chemical Corporation
Agent For Service Of Process
C T Corporation System
818 West Seventh St
Los Angeles, CA  90017

ARCHER NORRIS
A PROFESSIONAL LAW
CORPORATION
WALNUT CREEK

A0157004/715512-1

2

THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI)

1 Paccar Inc.
 Agent For Service Of Process
2 The Prentice-Hall Corporation System, Inc.
 PO Box 526036
3 Sacramento, CA  95852

4 Pittsburg Disposal & Debris Box Service, Inc.
 Agent For Service Of Process
5 Craig F Andersen
 1320 Willow Pass Rd Ste 500
6 Concord, CA  94520

7 Mary Grace Prewett Bertsch
 1536 Bryant Street
8 Palo Alto, CA  94301

9 Quebecor Printing San Jose, Inc.
 CT Corporation
10 818 West 7th Street
 Los Angeles, CA 90017

11

 Raychem International Corporation
12 Agent For Service Of Process
 C T Corporation System
13 818 West Seventh St
 Los Angeles, CA  90017

14

 Rheem Manufacturing Company
15 Agent For Service Of Process
 Corporation Service Company Which Will Do Business In California As CSC - Lawyers
16 Incorporating Service
 PO Box 526036
17 Sacramento, CA  95852

18 Schuller International, Inc.
 2730 Gateway Oaks Drive STE 100
19 Sacramento, CA 95833

20 Shell Oil Company
 Agent For Service Of Process
21 C T Corporation System
 818 West Seventh St
22 Los Angeles, CA  90017

23 Union Oil Company Of California
 Agent For Service Of Process
24 The Prentice-Hall Corporation System, Inc.
 PO Box 526036
25 Sacramento, CA  95852

26 Union Pacific Railroad Company
 Agent For Service Of Process
27 W H Poole
 10031 Foothills Blvd #200
28 Roseville, CA  95747

ARCHER NORRIS
A PROFESSIONAL LAW
CORPORATION
WALNUT CREEK

A0157004/715512-1

3

THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI)

1

Peter D. Keisler
2   U.S. Department of Justice
950 Pennsylvania Ave., NW
3   Washington DC 20530-0001

4   United States Department of Defense
Defense Logistics Agency
5   8725 John J. Kingman Road, Suite 2545
Fort Belvoir, VA 22060-6221
6
Secretary of Army
7   101 Army Pentagon
Washington DC 20310-0101
8
Secretary of the Navy
9   1000 Navy Pentagon
Washington DC 20350-1000
10
TRC Companies, Inc.
11  National Registered Agents, Inc.
12 Old Boston Post Road
12  Old Saybrook, CT 06475

13  USX Corporation
2730 Gateway Oaks Drive, Ste 100
14  Sacramento, CA 95833

15  WITCO Corporation
2730 Gateway Oaks Drive, Ste 100
16  Sacramento, CA 95833

17

18

19

20

21

22

23

24

25

26

27

28

ARCHER NORRIS
A PROFESSIONAL LAW
CORPORATION
WALNUT CREEK

A0157004/715512-1

4

THIRD AMENDED COMPLAINT FOR RELIEF UNDER CERCLA, RCRA
AND STATE LAW - C 04-2225 SI)