United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST COAST HOME BUILDERS, INC.,<br><br>    Plaintiff,<br><br>   v.<br><br>AVENTIS CROPSCIENCE USA INC. ET AL,<br><br>    Defendant. | No. C 04-2225 SI<br>Related to No. C 04-2648 SI<br><br>**ORDER RE: PLAINTIFFS' MOTION TO COMPEL** |

In their case management statement filed August 3, 2009, plaintiffs raised several issues with regard to the Generator defendants' July 31, 2009 discovery responses. The Court has reviewed the case management conference statement, defendants' opposition, and plaintiffs' reply. The Court rules as follows:

1. If they have not already done so, defendants shall serve verifications to the written discovery responses no later than August 14, 2009.

2. The parties shall meet and confer regarding defendants' objections to the definitions of "solid waste," "hazardous substances," and "liquid industrial wastes," no later than August 14, 2009. If the parties are unable to resolve this dispute, they shall file by August 17, 2009 a joint letter brief of no more than 2 pages setting forth each side's position on the matter.

3. Plaintiffs' request for fees and costs is DENIED. Defendants provided their responses by the July 31, 2009 deadline as required by the Court's July 7, 2009 order. Although plaintiffs may have preferred a "rolling production," defendants were not required to produce documents in this manner, particularly in light of the scope of the discovery

requests.

4. Plaintiffs object that defendants provided general combined responses where separate, defendant-specific responses were required. However, in the single example provided by plaintiff (request for admission no. 12), defendants responded "Defendants admit that terminated defendant IT discarded refuse from the Defendants (*excluding MARY GRACE (PREWETT) BERTSCH, HENRY SIMONSEN, and HAROLD W. PREWETT*), at the CCSL, which refuse may be included within the definition . . . ." (emphasis added). Contrary to plaintiffs' assertion, this response differentiated between defendants.[1] If there are other instances where plaintiffs contend that defendants improperly provided a general combined response, the parties shall meet and confer no later than August 14, 2009. If the parties are unable to resolve this dispute, they shall file by August 17, 2009 a joint letter brief of no more than 2 pages setting forth each side's position on the matter.

**IT IS SO ORDERED.**

Dated: August 11, 2009

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiffs' August 7, 2009 letter brief misleadingly inserts ellipses in the portion of defendants' response that the Court has italicized.

2